# Supreme Court of the Navajo Nation

---

**Monica Litzin, Plaintiff/Respondent,**
v.
**Farmington Motors, Inc.,**
**Great Western Recovery, Inc., and John Doe,**
**Individually, Defendants/Petitioners,**
**and Concerning**
**The Honorable Laverne Johnson,**
**Judge of the Chinle District Court,**
**Respondent.**
**Decided May 28, 1999**

---

## OPINION

Before AUSTIN, Acting Chief Justice, and Holgate, Associate Justice by designation.

F.D. Moeller, Esq., Farmington, New Mexico, for the Defendants/Petitioners; and Veronika Fabian, Esq., DNA-People's Legal Services, Inc., Coconino County Legal Aid, Flagstaff, Arizona, for the Plaintiff/Respondent.

Opinion delivered by Austin, Acting Chief Justice.

The petitioners[1] in this action for extraordinary relief want us to rule that 1) a document filed by the Chinle District Court on November 3, 1997 entitled "Findings of Fact and Conclusions of Law" is not a final judgment, and 2) the document is not enforceable in the Navajo Nation courts. The petitioners also want us to order the District Court to enter a "final judgment" and call it a "final judgment." Because we find that the District Court did enter a final judgment, we summarily deny the petition.

## I

On November 3, 1997, the Chinle District Court filed a document entitled "Findings of Fact and Conclusions of Law." The contents of the document show rulings in favor of Monica Litzin, the District Court plaintiff. The document states that the petitioners (who were defendants in District Court) had violated the Navajo

---

1. The petition states that Farmington Motors, Inc. brings this petition, but throughout the petition, the word "defendants" is used to identify the petitioners. This leads us to conclude that all the defendants in the District Court action are the petitioners here.

repossession statute, 7 N.N.C. § 607 (1995), and the Navajo Uniform Commercial Code, 5 N.N.C. § 505 (1995), by illegally repossessing Litzin's automobile from Navajo Nation jurisdiction. The document shows that the District Court awarded Litzin actual, statutory, and punitive damages for each violation of the law. Furthermore, the document shows that the District Court awarded Litzin her costs and attorney's fees. The total award came to $14,548.75, plus post judgment interest of ten percent. The trial judge then signed the document after the words "SO ORDERED this 03rd day of November, 1997."

Apparently believing the document to be a final judgment, the petitioners filed a notice of appeal with this Court. The petitioners did not ask the District Court to clarify the nature of the document or ask it to enter a final judgment. We dismissed the notice of appeal after finding that the petitioners had failed to file the district court record with this Court within the time allowed by our appellate rules. *Litzin v. Farmington Motors, Inc., et al.*, No. SC-CV-04-98 (order filed on April 21, 1998). The issue of whether the District Court's document was a final judgment did not arise as the petitioners allowed their appeal to lapse.

Litzin then filed an action with the Eleventh Judicial District Court of New Mexico to have the Chinle District Court document recognized and enforced as a judgment. The petitioners moved to quash the New Mexico district court action claiming that the document was not a final judgment under Navajo Nation law. After the New Mexico district court denied the motion, *Litzin v. Farmington Motors, Inc., et al.*, No. CV-98-722-6 (N.M. 11th Jud. Dis. Ct., Cty. of San Juan, Oct. 21, 1998), the petitioners appealed to the New Mexico Court of Appeals. The court of appeals reviewed the contents of the document, held it to be a final judgment, and affirmed its district court. *Litzin v. Farmington Motors, Inc., et al.*, No. 20,035 (N.M. Ct. App., Apr. 21, 1999), Memo. Op. at 2, 3. On May 5, 1999, the petitioners filed a petition for writ of certiorari with the New Mexico Supreme Court.[2] That action is pending.

## II

The issue for decision is whether the Chinle District Court's document entitled "Findings of Fact and Conclusions of Law," but does not include the words "Final Judgment," is indeed a final judgment under Navajo Nation law. After reviewing the document's contents, including the decretal language, we conclude that it is a final judgment and enforceable by the Navajo Nation courts.

The petitioners propose that a final judgment must contain those exact words in its heading for it to be unmistakably a final judgment. That position, however,

---

2. The petitioners filed their petition for mandamus or prohibition with this Court on April 8, 1999. At what would be page two of the petition (the petition is not paginated), counsel states that a "Motion for Certiorari" had been filed with the New Mexico Supreme Court. However, documents obtained from the New Mexico Supreme Court clerk's office show that counsel did not file a petition for writ of certiorari until May 5, 1999. The petitioners also failed to attach relevant parts of the Chinle District Court record and the New Mexico courts' documents to their petition. See NRCAP 26(a).

seeks to elevate form over substance. The general principle, which we adopt today, is that "[t]he sufficiency of a writing claimed to be a judgment is to be tested by its substance rather than its form." 46 Am. Jur. 2d *Judgments* § 83 (1994). Therefore, even though the Chinle District Court's document is entitled "Findings of Fact and Conclusions of Law" and not "Final Judgment," it is the substance, not the title of the document which determines whether a final judgment has been made.

An examination of the substance of the District Court's document proves that it constitutes a final judgment. Our standard for judgments states as follows:

> In all civil cases, judgment shall consist of an order of the court awarding money damages to be paid to the injured party, or directing the surrender of certain property to the injured party, or the performance of some other act for the benefit of the injured party or a declaration of rights of the moving party.

7 N.N.C. § 701 (1995). The District Court's document satisfies this standard because the court awarded actual, statutory, and punitive damages to Litzin. In addition, Litzin was awarded her costs and attorney's fees. Thus, because the substance of the District Court's document awards damages and other costs, the document constitutes a final judgment.

Furthermore, the substance of the District Court's document is a final judgment because the document disposes of the case. "[A] final order results after all the substantial rights of the parties have been litigated and decided on the merits by the district court. ... [T]he entry of the final decision must preclude further proceedings in the lower tribunal." *Billie v. Abbott*, 5 Nav. R. 201, 203 (1987). Again, actual, statutory, and punitive damages and costs were awarded to Litzin, which are clear indicators that the substantial rights of the parties were litigated and the merits were decided. In essence, the very fact that the District Court awarded damages concludes that the substantial rights of the parties were litigated and decided on the merits. Therefore, the District Court has disposed of the case and reached a final judgment.

## III

The Chinle District Court's document entitled "Findings of Fact and Conclusions of Law" is a final judgment even though the document is not titled "Final Judgment." Under Navajo Nation law, it is the substance, not the title, that determines whether a document is a final judgment. The contents of the document at issue contain an award to Litzin of actual, statutory, and punitive damages and costs. This award indicates that the rights of the parties have been litigated and decided on the merits by the District Court. Thus, the substance of the District Court's document constitutes a final judgment.

Accordingly, we hold that the Chinle District Court's document is a final judgment and is enforceable by the Navajo Nation courts. The petition seeking extraordinary relief is summarily denied pursuant to Rule 26(c) of the Navajo Rules of Civil Appellate Procedure.